UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART,<br><br>                Petitioner,<br><br>        v.<br><br>DERRAL G. ADAMS, Warden,<br><br>                Respondent. | 1:09-cv-02212-JLT HC<br><br>ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b) (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGEMENT AND CLOSE FILE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes on January 21, 2010. (Doc. 6).

In the petition filed on December 21, 2009, Petitioner challenges his 1994 conviction in Merced County Superior Court for sale of a controlled substance. Petitioner was sentenced to a prison term of eight years. (Doc. 1, p. 1).

A review of the Court's own dockets and files shows Petitioner has previously sought habeas relief with respect to this same conviction.[1]  Case no. 1:00-cv-05452-SMS, filed on February 18,

---

[1] The Court takes judicial notice of the docket in case nos. 1:00-cv-05452-SMS, 1:06-01400-YNP, and 1:09-cv-00685-GSA. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

1  2000, was dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1), on September 24, 2002.
2  Petitioner then filed a second petition challenging his 1994 conviction on October 11, 2006 in case
3  no. 1:06-cv-01400-YNP, which was dismissed by this Court as a second and successive petition on
4  March 17, 2008.  On April 17, 2009, Petitioner filed yet another challenge to his 1994 conviction in
5  case no. 1:09-cv-00685-GSA, which, again, was dismissed as a second and successive petition on
6  May 7, 2009.[2]

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because

---

[2] The Court notes that the claims in case nos. 1:06-cv-01400-YNP and 1:09-cv-00685-GSA are identical to those raised in the instant petition and substantially identical to those raised in case no. 1:00-cv-05452-SMS. The emerging pattern from this chronology is that Petitioner apparently believes, erroneously, that he may periodically re-package these same habeas claims into a new petition and file it with this Court, hoping to avoid the successive petition bar and to proceed without the Court having realized that these same claims have already been rejected on multiple grounds and on multiple occasions. Petitioner is urged to heed the Court's advice and seek permission from the Ninth Circuit Court of Appeals *before* filing any further challenges to his 1994 conviction.

a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking his 1994 Merced County conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED for lack of subject-matter jurisdiction; and,

2. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated:  **January 28, 2010**                                              **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE