UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DERRAL G. ADAMS, Warden,<br><br>　　　　　Respondent. | 1:09-cv-02212-JLT HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 9) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On January 21, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 6).

The instant federal petition for writ of habeas corpus was filed on December 21, 2009. (Doc. 1).  In his petition, Petitioner sought to challenge his 1994 conviction in the Merced County Superior Court for sale of a controlled substance and his sentence of eight years.  On January 29, 2010, after conducting a preliminary screening of the petition, the Court dismissed the case as a second or successive petition within the meaning of 28 U.S.C. § 2244(b). (Doc. 7).  In that order, the Court noted that Petitioner had originally challenged his 1994 conviction in a federal petition in this Court in 2000, and, later, in two additional "second or successive" petitions filed in 2006 and 2009.  (Id.).

The petition in this case was Petitioner's fourth attempt to challenge his 1994 conviction. The Court entered judgment and closed the file on January 29, 2010. (Doc. 8). On February 10, 2010, Petitioner filed the instant motion for reconsideration. (Doc. 9).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, although the motion for reconsideration is difficult to decipher, it appears that Petitioner is making a number of allegations. First, he repeatedly contends that the Ninth Circuit has "overlooked or misunderstood" documents he submitted, presumably to that court, on February 25, 2009, and in an order on November 16, 2009. (Doc. 9, p. 1; 2; 3; 5). From the motion, it is not clear in what respect the Ninth Circuit has "misunderstood" or "overlooked" Petitioner's filings in that court. However, this Court has no jurisdiction over matters presented to the Ninth Circuit and, moreover, the matters apparently pre-date the filing of the petition in this case.

Petitioner also contends that there has been a "change in legal or factual circumstances after the order" which would entitled Petitioner to equitable tolling. (Id., p. 2). Petitioner does not

identify the nature of this change; accordingly, the Court is unable to address it.  However, Petitioner's contention that he may entitled to equitable tolling is entirely off the mark.  Equitable tolling applies to the running of the one-year statute of limitation in the federal habeas statute.  This case, however, was not dismissed as untimely, but instead as second or successive.  The Court has never addressed the timeliness of the petition; therefore, the concept of equitable tolling is entirely inapposite.

Petitioner also contends that he applied to the Ninth Circuit to file a second or successive petition.  (Id., pp. 2-3).  Petitioner does not indicate whether that permission related to the filing of the petition in this case or to some earlier petition.  Because Petitioner has failed to provide any evidentiary support for his allegation that the Ninth Circuit has granted permission for a second or successive petition, he has failed to meet his burden of proof on this motion for reconsideration.

Petitioner seeks leave to file his "entire prison 'psych file' for reasons not clear from the motion itself.   Such a request is premature.  The case is closed and the Court will deny the motion for reconsideration.  Accordingly, there is no legal reason for Petitioner to resubmit his psych file to this Court.

In sum, the Court finds that Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown either newly discovered evidence or fraud; the judgment has not been shown to be either void or satisfied; and Petitioner has not presented any other reasons justifying relief from judgment.  Moreover, Petitioner has not shown any "new or different facts or circumstances...which did not exist or were not shown upon such prior motion," as required by Local Rule 230(j).

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 9), is DENIED.

IT IS SO ORDERED.

Dated:   **March 3, 2010**                                        /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE